UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                                                                  :    **MEMORANDUM & ORDER**
            v.                                                    :    24-CR-94 (WFK)
                                                                  :
DOMINICK FRANK MARTINO,                                           :
                                                                  :
                         Defendant.                               :
------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 12, 2024, Defendant pled guilty to a single-count Information, charging him with Distribution and Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(C). Plea Agreement ¶ 1, ECF No. 21; *see generally* Information, ECF No. 19. The Court now sentences Defendant and provides a complete statement of reasons, under 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is sentenced to time served and a $100.00 mandatory special assessment.

## I.    Background

On May 3, 2022, Defendant and a co-conspirator sold one kilogram of cocaine to a confidential informant for $30,000.00. Sealed Presentence Investigation Report ("PSR") ¶ 4, ECF No. 23. The sale took place in the parking lot of a shopping plaza in Queens, New York. *Id.* During the sale, which was captured by an electronic audio recording device, Defendant and his co-conspirator told the informant they had six or seven more kilograms of cocaine they could sell him. *Id.* Defendant and his co-conspirator met with the informant on five more occasions to discuss selling additional quantities of cocaine. *Id.* ¶ 5. The informant recorded each of these meetings. *Id.*

On May 24, 2023, Defendant self-surrendered to FBI agents. *Id.* ¶ 6. On March 12, 2024, Defendant pled guilty to an Information charging him with Distribution and Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C). Plea

Agreement ¶ 1. Defendant waived his right to prosecution by indictment. *See* Waiver of an Indictment, ECF No. 20.

## II.    Legal Standard

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

## III.    Analysis

### A.  The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

#### 1.    *Family and Personal Background*

Defendant was born in New York City on January 4, 1953, and raised in Manhattan and the Bronx. *Id.* ¶¶ 45, 47. His father, a security guard, died in 1980 at age eighty-one; his mother died in 2019 at age ninety-five. PSR ¶ 45; Sealed Addendum to PSR ("Addendum to PSR") ¶ 2, ECF No. 27. Defendant has one sibling—a brother—who passed away in 2020 at age seventy. PSR ¶ 46; Addendum to PSR ¶ 2.

Defendant describes his upbringing as "very positive." PSR ¶ 47. His parents ensured his basic needs were met and provided him with "love and care." *Id.* Defendant shared a "close, loving relationship with his brother." *Id.* Defendant emphasizes "his family is not to blame for his choices he made as an adult." *Id.*

Defendant married his wife in 1977. *Id.* ¶ 48. She worked at a union hall for brick layers. *Id.* They had a great relationship but separated due to Defendant's drug use. *Id.* Defendant was preparing to move back in with her when she died in 2021 at age seventy. PSR ¶ 48; Addendum to PSR ¶ 2.

Defendant and his wife had one child, a daughter. PSR ¶ 49. Defendant's daughter lives in Spain, is married with two sons, and is in good health. PSR ¶ 49; Addendum to PSR ¶ 4. She is aware of the instant case and supportive. PSR ¶ 49.

3

### 2.    *Educational and Employment History*

Defendant attended Monroe High School in the Bronx and earned his associate degree in accounting from Bronx Community College. *Id.* ¶¶ 66–67. Defendant learned how to finish concrete while working for a construction company in the early 1970s, enabling him to join the Cement Mason Union in 1983. *Id.* ¶ 68.

Defendant joined the Local 780 Union as a full-time cement mason. *Id.* ¶ 71. From 1983 to 2019, Defendant worked as a full-time cement mason at various construction sites for the union, excepting periods of incarceration from 1983 to 1987 and 2001 to 2002. *Id.* From 2020 to 2022, Defendant worked as a cement mason for SBF Construction. *Id.* ¶ 70. Prior to his arrest in the instant case, Defendant worked as a shop steward for Cross Country Construction LLC. *Id.* ¶ 69. Defendant is currently unemployed, receiving income from his pension and Social Security. *Id.* ¶ 69.

### 3.    *Prior Convictions*

Defendant has prior convictions from over twenty years ago, excepting a misdemeanor in 2014 for driving without a license. *Id.* ¶¶ 21–39. Defendant's prior convictions are not counted in his criminal history category because they occurred outside the time periods specified in U.S.S.G. §§4A1.2(e)(1) and 4A1.2(e)(2). U.S.S.G. §4A1.2(e)(3). These convictions include: (1) conspiracy to possess and intent to distribute heroin; (2) operating a motor vehicle under the influence of alcohol or drugs; (3) reckless endangerment and attempted reckless endangerment; (4) possession of a forged instrument; (5) possession of stolen property; (6) attempted assault; (7) criminal possession of a controlled substance; (8) criminal trespass; and (9) credit card fraud. *Id.*

4.    *Physical and Mental Health*

Defendant has various health conditions requiring regular doctor's appointments, including: (1) monthly visits to his primary care physician; (2) bi-monthly visits to his urologist; (3) tri-annual visits to his ophthalmologist; and (4) bi-annual visits to his cardiologist and neurologist. *Id.* ¶ 53. Defendant receives ongoing treatment for carotid artery disease, chronic arteriosclerotic heart disease, and chronic obstructive pulmonary disease. *Id.* Defendant had a stroke in December 2021; he has been attending physical therapy twice a week to relearn how to walk. *Id.* ¶¶ 53–54. Defendant takes several medications to manage his health. *Id.* ¶ 56.

Defendant is not diagnosed with any mental health conditions but reports feeling depressed and anxious from being unable to see his daughter and grandchildren. *Id.* ¶ 58. He also reports a deteriorating memory. *Id.* ¶ 59.

5.    *Substance Abuse*

Defendant has a serious history of drug and alcohol abuse. *Id.* ¶ 61. He has used marijuana, powder cocaine, cocaine base, heroin, and tranquilizer pills over the last six decades. *Id.* Following a 2001 arrest, Defendant attended a substance abuse program before serving time in prison; he successfully completed the program and has remained drug-free since. *Id.* ¶ 62. Defendant stopped drinking in 2002. *Id.* ¶ 64. He later joined Narcotics Anonymous and has regularly attended meetings for the last twenty-two years. *Id.* ¶ 62.

6.    *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's conduct, which involved selling a significant amount of cocaine and attempting to arrange future sales. The Court's sentence will deter others from engaging in similar conduct and justly punish Defendant for his crimes. Accordingly, the Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

**C. The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3). Defendant pled guilty to one count of Distribution and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C). Plea Agreement ¶ 1.

Defendant faces a maximum term of twenty years' imprisonment and no minimum term. 21 U.S.C. § 841(b)(1)(C). Defendant also faces a maximum term of three years' supervised release. 18 U.S.C. §§ 3583(b)(2), 3553(f)(1)–(5).

Defendant is eligible for a term of probation of one to five years. 18 U.S.C. § 3561(c)(1). In the absence of extraordinary circumstances, the Court must impose one of the following as a

condition of probation: a fine, restitution, or period of community service. 18 U.S.C. § 3563(a)(2).

In addition to facing terms of imprisonment and supervised release, Defendant faces a maximum fine of $1,000,000.00, which he appears unable to pay. 21 U.S.C. § 841(b)(1)(C); Sealed PSR ¶ 78. The Court is required to impose a mandatory special assessment of $100.00 per count pursuant to 18 U.S.C. § 3013(a)(2)(A).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guideline for violations of 21 U.S.C. § 841(a) is U.S.S.G. §2D1.1, which provides a base offense level of 24 for offenses involving at least 500 grams, but less than 2 kilograms, of cocaine. PSR ¶ 10. Two levels are reduced under U.S.S.G. §2D1.1(b)(18) because Defendant qualifies for the safety-valve adjustment set forth at U.S.S.G. §5C1.2(a). PSR ¶ 11; Plea Agreement ¶ 2. Two levels are reduced under U.S.S.G. §4C1.1 because Defendant is a zero-point offender. PSR ¶ 16; Plea Agreement ¶ 2. Three levels are reduced for Defendant's timely acceptance of responsibility under U.S.S.G. §3E1.1(a)–(b). PSR ¶¶ 17–18; Plea Agreement ¶ 2. These reductions result in a total adjusted offense level of 17.

All parties agree Defendant is a zero-point offender, resulting in a criminal history category of I. PSR ¶ 40; Gov't Sent'g Mem. at 2; Def. Sent'g Mem. at 2. A total offense level of 17 and a criminal history category of I results in a Guidelines range of 24–30 months' imprisonment. PSR ¶ 80.

7

Probation recommends a below-Guidelines sentence of eighteen months' imprisonment; two years' supervised release; and a $100.00 mandatory special assessment. Prob. Sent'g Rec. at 1, ECF No. 23-1. The Government recommends a Guidelines sentence of 24–30 months' imprisonment. Gov't Sent'g Mem. at 1. However, as stipulated in the Plea Agreement (¶ 2), the Government takes no position on Defendant's request for a downward departure based on his age and physical condition. Gov't Sent'g Mem. at 2. Defense counsel recommends a sentence of probation and time served, citing Defendant's "litany of physical and mental health issues, which even the Government has recognized." Def. Sent'g Mem. at 1.

The Court appreciates the sentencing arguments raised by all parties and has considered each in turn.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

The parties have not drawn the Court's attention to any applicable policy statements. Finding none on its own, the Court proceeds to the next § 3553(a) factor.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The parties have not raised arguments regarding unwarranted sentencing disparities in this case. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

## G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case.

## IV.    Conclusion

For the reasons set forth above, the Court sentences Defendant to time served and a $100.00 mandatory special assessment. The Court does not impose any period of supervision. This sentence is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's apparent inability to pay.

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and the Addendum thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

**s/ WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 29, 2025
      Brooklyn, New York

9